IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAHEED AHMED (A72 166 710)      *
        Petitioner,
v.                              *    CIVIL ACTION NO. RDB-09-1742

IRA SHOCKLEY[1]                 *
        Respondent.
                          ******

**<u>MEMORANDUM OPINION</u>**

Saheed Ahmed is being held in Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") custody at the Worcester County Detention Center in Maryland awaiting deportation . On July 2, 2009, he filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, *pro se*, claiming that his continued ICE detention violates the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and requesting that he be released pending deportation.

Respondent has filed a response and notice of intent to remove. Paper No. 3. No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court will, by separate order, dismiss the Petition for Writ of Habeas Corpus.

I. Background

Petitioner is a native and citizen of Pakistan. He entered the United States without inspection on an unknown time and place. Paper No. 3. On December 9, 2002, he was placed in removal proceedings.[2] *Id*., Ex. A.

---

[1] Ira Shockley, Warden of the Worcester County Detention Center, shall be substituted as the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (proper respondent to pure detention petition for writ of habeas corpus is the person who has immediate custody of the party detained).

[2] During his removal proceedings, Petition was released from ICE custody on bond. He was taken into custody by a

1

On August 18, 2005, after an evidentiary hearing, Petitioner's applications for asylum, withholding of removal and protection under the Convention Against Torture were denied and the Immigration Judge ordered Petitioner's removal to Pakistan. Petitioner's appeal to the Board of Immigration Appeals ("BIA") was denied on March 14, 2007. Petition sought review in the United States Court of Appeals for the Fourth Circuit. His petition was dismissed in part and denied in part on May 20, 2008. *Id*. Petitioner then moved the BIA to reopen his case. The motion was denied on June 3, 2009. *Id*.

Shortly after Petitioner was taken into ICE custody in 2008, ICE made a formal request to the Pakistani Consulate for issuance of a travel document. Petitioner has since been interviewed by a Pakistani consular officer and his expired Pakistani passport has been provided to the consulate. From February 2009 to the present, an ICE deportation officer has made numerous telephone calls and fax inquiries to the Pakistani consulate regarding Petitioner's travel documents. The consular officer advised ICE officials that a travel document would not be issued while Petitioner's motion to reopen was pending. The request for travel documents was then made by the United States Department of State. *Id*.

On July 30, 2009, the Pakistani consulate requested ICE provide a travel itinerary for Petitioner's removal. Petitioner's deportation officer avers that in his experience, such a request indicates that the consulate is preparing to issue a travel document. Petitioner's removal is tentatively scheduled for August 31, 2009. *Id*.

On August 13, 2009, the Pakistani consular officer assigned to Petitioner's case advised the deportation officer that a travel document had not been issued as the authorization to do

---

Baltimore ICE Fugitive Operations Unit on December 8, 2008. Paper No. 3, Ex. A.

so had not yet been received, but he believed that the travel document would be received prior to Petitioner's travel date of August 31, 2009. *Id*.

## II. Analysis

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

Petitioner has failed to meet his burden of proof in that he has offered no evidence that his removal is not significantly likely in the reasonably foreseeable future. To the contrary, Respondent's recent filings with the Court, evidencing that the necessary travel documents are to be issued and that Petitioner's repatriation to Pakistani is now imminent, refute any such contention and render Petitioner's habeas challenge to his post-order detention under *Zadvydas* moot.

## III. Conclusion

In light of the foregoing the Petition for Habeas Corpus relief shall be dismissed. The Clerk shall be directed to administratively close the case. Given that the necessary travel documents have

not been issued, Respondent shall be required to file a status report regarding Petitioner's removal on or before September 14, 2009.  A separate Order follows.

| | |
|---|---|
| <u>August 19, 2009</u> | <u>/s/</u> |
| Date | RICHARD D. BENNETT |
| | UNITED STATES DISTRICT JUDGE |